Per Curiam.

Petitioner’s primary contention is that his conviction by plea of guilty to the indictment was rendered invalid by the admission of illegally obtained evidence at his preliminary hearing.
The charge to which an accused is held to answer is that contained in the indictment returned by the grand jury, whose proceedings are secret so that it cannot be determined upon what evidence the formal charge was based. It is solely upon an indictment that an accused is tried.
By pleading guilty to an indictment, while represented by counsel, an accused waives errors or irregularities in the preliminary proceedings prior to the indictment.
Petitioner contends also that his conviction was invalid be *78 cause he was held four days before he was allowed to call an attorney or his family. He testified that he made no statement to the police during this time. After conviction, such detention is not ground for petitioner’s release. Churchill v. Haskins, Supt., 176 Ohio St., 183; and Henderson v. Maxwell, Warden, 176 Ohio St., 187.
Petitioner contends further that he was not adequately represented by his counsel. Questions as to competency of counsel must be raised by appeal and are not cognizable in habeas corpus. Vaughn v. Maxwell, Warden, 176 Ohio St., 289.
The last contention made by petitioner is that his lawyer forced him to plead guilty when he wanted to go to trial. For this we have only petitioner’s statement. The lawyer was one of petitioner’s own choosing, and petitioner was no neophyte in the courts. Petitioner pleaded guilty in open court and was given an opportunity to speak on his own behalf. If he had indeed been forced to make a plea, he had adequate opportunity to inform the court of this fact. It would appear from the facts that this contention is without merit. See Norton v. Green, Supt., 173 Ohio St., 531.

Petitioner remanded to custody.

Taut, C. J., Zimmerman, Matthias, O’Neill,, Grieeith, Herbert and Gibson, JJ., concur.